UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHET MORRISON CONTRACTORS, INC.            CIVIL ACTION

VERSUS                                      NO:      08-1638

MEDCO ENERGI US LLC., ET AL.               SECTION: "N" (4)

## ORDER

Before the Court is **Motion to Quash (R. Doc. 14)** filed by the Defendant, Medco Energi US LLC ("Medco"), seeking an Order quashing several topics of inquiry proposed by the Plaintiff, Chet Morrison Contractors, Inc. ("Chet Morrison") in its Rule 30(b)(6) notice of depositions. The deposition was scheduled for Friday, May 29, 2009. (R. Doc. 14-3, Ex. 4, Notice of Rule 30(b)(6) Depositions of Medco Energi, LLC.) Because the topics allegedly involve matters that are not reasonably calculated to lead to the discovery of admissible evidence, (R. Doc 14) Chet Morrison filed a timely opposition to the subject motion. (R. Doc. 18.) The motion was heard without oral argument on Wednesday, June 17, 2009.

### I.    Background

Chet Morrison filed suit against Medco, Kindee Oil & Gas Texas, LLC f/k/a Novus Oil & Gas Texas, LLC, and Kindee Oil & Gas Texas, LP f/k/a Novus Oil & Gas, L.P., seeking damages for Medco's alleged failure to pay for services performed in relation to a Pipeline Installation Contract (hereinafter referred to as "the Contract"). (*See generally* R. Doc. 1.)  As part of the Contract, Chet Morrison agreed to fabricate certain materials to be sold to Medco and installed on

the Project. (R. Doc. 1 ¶ 8.) Medco agreed to compensate Chet Morrison for the work and services Chet Morrison would provide under the Contract. (R. Doc. 1 ¶ 9.)

Chet Morrison alleges that it performed all of its duties and obligations under the Contract. (R. Doc. 1 ¶ 10.) It further avers that it commenced work on the Project on July 24, 2006 and completed its work on the Project on November 23, 2006, but that Medco failed to comply with its obligation to pay $1,919,735.12 and continues owe the entire sum. (R. Doc. 1 ¶¶ 11-15.) Chet Morrison maintains that, as a result of Medco's nonpayment and failure to cure its delinquent account, it is entitled to reasonable attorneys' fees for the prosecution and collection of its claim, including legal interest from the time payment was due and court costs pursuant to Louisiana Revised Statute § 9:2781. (R. Doc. 1 ¶ 21.)

Chet Morrison filed the subject lawsuit against Medco in the 32nd Judicial District Court for the Parish of Terrebonne on March 13, 2008. The matter was removed to this Court on April 14, 2008. (*See generally* R. Doc. 1. *See also* R. Doc. 13-2, p. 3.) Thereafter, Chet Morrison propounded its First Set of Interrogatories and Requests for Production of Documents upon Medco on September 19, 2008, and Medco responded to the Requests on October 28, 2008. (*See* R. Doc. 13-6, Ex. D, Medco Energi US's Ans. To First Set of Interrogs. and Reqs. For Produc. of Docs. Propounded by Chet Morrison Contractors, Inc., Oct. 28, 2008.)

On May 19, 2009, Medco filed the subject motion seeking to quash certain topics itemized in the 30(b)(6) Notice of Deposition. (R. Doc. 14.) Medco argues that Topics 23 through 34 and 37 are irrelevant to any issue to be tried in this litigation or otherwise improper subjects for 30(b)(6) depositions, and therefore are not proper subjects for the corporate deposition.

Chet Morrison opposes the motion suggesting that: (1) the topics of inquiry are relevant

2

because it believes that Medco did not honor its obligation due to financial difficulties; (2) the topics are appropriate because they can be protected by the issuance of a protective order by the Court; and (3) Medco failed to confer pursuant to Rule 37.1 such that the subject motion is not ripe and which could have resulted in the avoidance of the Court having to consider this motion. (R. Doc. 18.)

## II.  Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 34(b)(2)(B) requires a party responding to a document production request to "state that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B). Rule 34(b)(2)(C) further provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed.R.Civ.P. 34(b)(2)(C). As to digital documents or other electronically stored information, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed.R.Civ.P. 34(b)(2)(E)(I).

An evasive or incomplete response is equivalent to a party's complete failure to respond. Fed.R.Civ.P. 37(a)(4). Furthermore, a party is not excused from a failure to fully respond to a document production request merely because it does not possess the responsive requested materials. *Somerset Marine, Inc. v. Briese Schiffahrts GMBH & Co.*, No. 01-01881, 2002 WL 1933723, at *3 (E.D. La. Aug. 21, 2002) (Roby, M.J.). Rather, a party's duty to fully answer implies a duty to make reasonable efforts to obtain the information requested. *Id*.

Rule 30 governs the taking of depositions and permits a party to "take the testimony of any person, including a party, by deposition upon oral examination." Fed.R.Civ.P. 30. Depositions play "a vital role in the preparation for trial." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977). Furthermore, Rule 30(b)(6) permits a party to take a deposition of a corporate entity. Fed.R.Civ.P. 30(b)(6). Specifically, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, . . . or other entity and must describe with reasonably particularly the matters for examination." *Id.* Thereafter, the organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *Id.*

## III. Analysis

### A. Financial Information

Medco filed the subject motion seeking to quash certain topics contained in Chet Morrison's 30(b)(6) Notice of Deposition. Medco contends that Topics 26 through 33 seek information regarding bank accounts, balance sheets, profit and loss statements, and officer salaries, which

amount to post-judgment inquiry.[1]  However,  Medco contends that the special circumstances that typically warrant an investigation into a party's financial wherewithal are not present in this case. Therefore, Medco argues that Chet Morrison should be forbidden from questioning its corporate representative on topics 26-33.

In contrast, Chet Morrison contends that the contested topics of inquiry are discoverable. Particularly, it contends that the rule in this district is that documentation, including financial records, is discoverable in the pretrial phase of the case where those records are relevant to the litigation.  As properly noted by Medco, the determination of whether certain documentation is discoverable depends upon the claims asserted by the plaintiff and defenses raised by the defendant.

The Court notes that the financial stability of Medco is not an issue raised in either the original Complaint nor the Answer filed in the record.  Chet Morrison claims that it has "reason to believe" that Medco did not pay because it had financial difficulties.  (R. Doc. 18, p. 1.)  However, Chet Morrison has not made such an allegation in its complaint.  Further, the record indicates that Medco's defense as pled is that it did not pay because Chet Morrison began the project later than it contracted to and had multiple cost overruns.  Therefore, considering the pleadings presently in the record, the arguments of the parties, and the law, the Court finds that Topics 26 through 33 are irrelevant to the issues in the case.  Therefore, Medco is not required to produce a corporate representative to respond to Topics 26 through 33 and its motion to quash is granted as to these topics.

---

[1]Topics 26 through 31 cover the identity of people and businesses that perform any financial management or accounting, documents regarding tax returns, balance sheets, income statements and profit and loss statements, net profit or loss for each year from 2004 to present, the compensation and identity of each former board member, declared dividends and/or distributions to Medco, and an asset list owned by Medco.  Topics 32 and 33 cover the listing of accounts maintained by or for Medico from 2004 to the present and documents regarding lines of credit loans and advances.

B. **Fact and Expert Witnesses**

Medco further seeks to quash topics 23 and 37 because they seek information regarding its consultants and experts as well as information regarding its witness list.[1] Medco points out that the topic seeks discovery of consulting experts which is prohibited by Federal Rule of Civil Procedure ("Rule") 26 (b)(4)(B).

Chet Morrison contends that it should be entitled to discover the identity of all fact and expert witnesses that Medco may call. Chet Morrison contends that it only seeks to question Medco's corporate representative about the identity of potential fact and expert witnesses. It complains that Medco's objection regarding this line of questioning is simply an example of their obstructive discovery tactics that have been employed to date.

The expert discovery rule which permits discovery from a testifying expert witness to facilitate cross-examination of that expert and elimination of surprise at trial, is not implicated in a case where the experts will not testify at trial and have never produced expert report. *Estate of Manship v. U. S.*, 240 F.R.D. 229 (M.D. La. 2006). Rule 26(b)(4) governs trial preparation matters involving experts. Fed.R.Civ.P. 26(b)(4). *See also Estate of Manship v. United States*, 240 F.R.D. 229, 233 (M.D. La. 2006); *Carroll v. Praxair, Inc.*, No. 05-0307, 2007 WL 437697, at *2 (E.D. La. Feb. 2, 2007) (Wilkinson, M.J.).

Rule 26(b)(4)(A) applies to experts who have been "designated as witnesses whose opinions may be presented at trial" and it permits depositions of such witnesses. Fed.R.Civ.P. 26(b)(4)(A); *Estate of Manship*, 240 F.R.D. at 233. However, pursuant to Rule 26(b)(4)(B), where an expert will

---

[1] Topic 23 seeks all information related to consultants and expert witnesses Medco has consulted. (R. Doc. 14-3, p. 7.) Topic 37 seeks the identity of each witness Medco may call at trial and a description of each witness's testimony. (R. Doc. 14-3, p. 9.)

not be a witness at trial, the parties are limited in their discovery practices to those methods referred to in Rule 35(b)–which limits the discovery to the examiner's report of the examination. Fed.R.Civ.P. 26(b)(4)(B); *Estate of Manship*, 240 F.R.D. at 233; *Carroll*, 2007 WL 437697, at *2.

Upon a showing of "exceptional circumstances," the parties may have recourse to other means of discovery with respect to non-testifying experts. *Id.* Here, Chet Morrison has not made an attempt to show "exceptional circumstances" that would warrant allowing deposing Medco representatives on the subject of non-trial consultants. Accordingly, Medco's motion is also granted as to consulting experts in Topic 23.

Furthermore, the Court notes that the District Judge issued a Scheduling Order on January 19, 2009. According to the Scheduling Order, the parties are required to file in the record and serve a list of all witnesses who may or will be called to testify at trial. (R. Doc. 8) The actual deadline for filing the witness list as well as the reports of any experts was June 19, 2009. The Scheduling Order covers the issues raised in Topics 23 and 37, therefore, the Court finds that the questions about fact, expert, and consulting witnesses are inappropriate topics of Medco's 30(b)(6) deposition. Consequently, Topics 23 and 37 are not permitted as topics for the 30(b)(6) deposition, and Medco's motion to quash is granted as to Topics 23 and 37.

### C. Corporate Structure

Medco also seeks to quash Topics 24 and 25 because they seek information regarding its

corporate structure that is overly broad and not relevant to the instant legal matter.[2] Medco contends that the information sought in these topics is overly broad, unduly burdensome, and irrelevant as far as they seek information beyond the corporate structure of Medco itself. (R. Doc. 14-2, p. 3.) Chet Morrison failed to respond to Medco's objections to these specific topics. To the extent these topics go beyond the corporate structure of Medco itself, the Court finds that they are overly broad, unduly burdensome, and irrelevant to the issues in this case. Therefore, Medco is required to produce a corporate representative to respond to inquiries related to Medco's corporate structure only and not its parent, subsidiary, or affiliate companies.

D. **Lawsuits**

Finally, Medco also seeks to quash topic 34, which seeks information regarding every lawsuit or other judicial proceeding Medco, its shareholders, officers, or directors were ever involved in. Medco argues that this Topic is overly broad, unduly burdensome, irrelevant, and an invasion of privacy. (R. Doc. 14-2, p. 6.) Chet Morrison failed to respond to Medco's objections to this topic.

Considering the pleadings filed in the record, the arguments of the parties, and the law, the Court finds that topic 34 is irrelevant and unnecessarily invades the privacy of Medco's shareholders, officers, and directors. Therefore, Medco is not required to produce a corporate representative to respond to Topic 34.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that Medco's **Motion to Quash (R. Doc. 14-2)** is hereby **GRANTED**

---

[2] Topics 24 and 25 seek information about the structure and management of Medco and any parent, subsidiary, or affiliate companies.

**IN PART and DENIED IN PART**.

- **IT IS GRANTED** as to Medco's request to quash Topics 23, 26 through 34, and 37.

- **IT IS DENIED** as to Topics 24 and 25, but only to the extent that Medco concedes that Chet Morrison may inquire about Medco's corporate structure.

New Orleans, Louisiana, this 25th day of August 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**