UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHET MORRISON CONTRACTORS, INC. | CIVIL ACTION |
| VERSUS | NO. 08-1638 |
| MEDCO ENERGI US LLC | SECTION "N" (4) |

# **ORDER**

Before the Court are two motions: Defendant's Motion for Appeal of Magistrate's Decision (Rec. Doc. 30) and Defendant's Motion in Limine (Rec. Doc. 29).

For the reasons stated on the record at the telephone conference held on this date, the Motion for Appeal of Magistrate's Decision is **GRANTED**. The granting of the Motion for Leave to File Counterclaim is **REVERSED** because no good cause for the late-filed counterclaim has been shown and the Court is unwilling to reward a lack of adherence to its Scheduling Order, particularly in light of the September 28th trial date. The Court notes that the issues raised in the counterclaim were raised in Defendant's affirmative defenses and thus will be litigated as a defense to the main demand.

However, while both parties agreed in today's conference that the case will be ready to be tried on September 28, 2009, the Court also notes that both parties have outstanding delinquent discovery to complete. One party has raised the possibility that this discovery may reveal additional claims. The Court urges speedy completion of all discovery so that all parties and the Court will know precisely what claims are at issue in this matter. It is noted, however,

that the discovery deadline has passed, and it will take cooperation and consent by all counsel to complete this late discovery.

Having reviewed the submissions of both parties, the Motion in Limine is **DENIED**. This motion seeks to have the Court apply the doctrine of spoliation of evidence by Plaintiff; i.e., seeks the declaration of an adverse inference against Plaintiff based on the destruction of potential evidence predicated on Plaintiff's "bad conduct." *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) (citing *Vick v. Texas Employment Comm.*, 514 F.2d 734, 737 (5th Cir. 1975)). Therefore, Defendant must show that Plaintiff acted in "bad faith" to establish that it was entitled to an adverse inference. *Vick*, 514 F.2d at 737. Although Defendant may have been sloppy in their document retention practices, Plaintiff has not made the requisite showing of "bad conduct" or "bad faith" in the instant motion. However, as this is a bench trial, Plaintiff will be allowed to offer evidence tending to show the bad faith destruction of documents central to this case, should any such evidence be available. Plaintiff should also be prepared to show its diligence in attempting to acquire such e-discovery material, unsuccessfully, from other sources. If shown, the Court will draw the inference requested.

As to other discovery-related issues raised in the motion, the parties are instructed to promptly pursue relief before the assigned Magistrate if such issues cannot be resolved by mutual consent and cooperation.

New Orleans, Louisiana, this 25th day of August, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**